UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VATSAL MAHAJAN,<br><br>              Plaintiff,<br><br>    v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br><br>              Defendants. | Case No. 2:24-cv-02938-HDV-MRW<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [33]** |

1

## I. INTRODUCTION

Plaintiff Vatsal Mahajan brings this lawsuit against Defendants U.S. Citizenship and Immigration Services ("USCIS"), U.S. Customs and Border Protection ("CBP"), USCIS Director Ur. M. Jaddou, and Secretary of Homeland Security Alejandro Mayorkas (collectively, "Defendants"), challenging the length of stay CBP granted him when he entered the U.S. on an H-1B visa in 2023. Defendants' Motion to Dismiss ("Motion") seeks dismissal of Plaintiff's First Amended Complaint ("FAC"), *see* [Dkt. No. 32], arguing lack of standing, lack of jurisdiction, and failure to state a claim. [Dkt. No. 33].

For the reasons discussed below, the Court finds that Plaintiff does have standing to pursue this action and concludes that this Court has jurisdiction to engage in judicial review. Plaintiff's claims are adequately pled, and Defendants' Motion is therefore denied.

## II. BACKGROUND

Plaintiff, a citizen and national of India, first arrived to the United States in 2015 to pursue his college education through the F-1 academic student visa scheme. FAC ¶¶ 17, 22–23. In 2017, he began his professional career in the United States with an H-1B nonimmigrant worker visa. *Id.* ¶¶ 25, 28. In July 2022, Google filed an H-1B petition for Plaintiff, requesting a change of employer and an extension of Plaintiff's H-1B status. FAC Ex. B at 6; ¶ 28. The H-1B petition was approved on July 25, 2022, and was valid from July 20, 2022 to July 10, 2025. *Id.*

Prior to starting his Software Engineer position at Google, Plaintiff departed the United States on January 17, 2023. *Id.* ¶¶ 34, 29. He traveled with a valid passport that would expire on June 5, 2023. *Id.* ¶ 29. On February 12, 2023, Plaintiff returned to the United States and was admitted in H-1B status. *Id.* ¶ 30. CBP issued an electronic Form I-94, admitting Plaintiff through the date of his passport's expiration only—June 5, 2023.[1] FAC Ex. C; *id.* ¶ 32.

In December 2023, seven months after his period of stay elapsed, Google's immigration counsel informed Plaintiff that his I-94 expired on June 5, 2023. *Id.* ¶ 36. At that time, Plaintiff's I-

---

[1] Plaintiff later submitted his passport for renewal on July 18, 2023, and now holds a current passport that is valid through August 1, 2033. FAC ¶ 35.

94 had been expired for approximately seven months.  Later that month, on December 26, 2023, Google attempted to remedy this by filing another H-1B petition for Plaintiff, requesting that Plaintiff's H-1B status be reinstated.  *Id.* ¶ 37; Ex. A.  However, on January 3, 2024, USCIS issued a Notice of Intent to Deny ("NOID") the request to extend Plaintiff's H-1B petition.  *Id.* ¶ 38.  On February 1, 2024, USCIS issued a notice that stated, "It has been determined that [Plaintiff] is [] not eligible for the requested of extension status."  *Id.* Ex. B at 5; ¶ 40.

Plaintiff avers that USCIS's February 1, 2024 notice is predicated solely on CBP's unlawful I-94 and subjects Plaintiff to an unlawful presence finding pursuant to 8 U.S.C. § 1182(a)(9)(B)(i)(I). *Id.* ¶ 88; Ex. B.  8 U.S.C. § 1182(a)(9)(B)(i)(I) states that any alien who is "unlawfully present in the United States for a period of more than 180 days but less than 1 year, voluntarily departed the United States . . . and again seeks admission within 3 years of the date of such alien's departure . . . is inadmissible."  This is also known as the "three-year bar."  Defendant USCIS's NOID states that Plaintiff had not maintained his status and that Plaintiff's petition was filed 204 days after his status had expired.  *Id.* ¶ 87.  Plaintiff alleges that this finding was made in deference to and in reliance on Defendant CBP's unlawfully issued I-94.  *Id*.  Plaintiff is now subject to the three-year bar to admission to the United States.  *Id.* ¶ 88.

On February 18, 2024 Plaintiff departed the United States.  *Id.* ¶ 43.  Shortly after, Plaintiff lost his employment with Google.  *Id.* ¶ 88.  Plaintiff has a residence in Seattle, Washington, but is currently staying in Haryana, India, while he pursues this action.  *Id.* ¶ 17.  Since departing the U.S., he has been contacted by multiple employers about job opportunities in the U.S.  Opposition at 7, 8.

### III.   LEGAL STANDARD

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A defendant may raise the defense of lack of subject-matter jurisdiction by motion pursuant to Federal Rule of Civil Procedure 12(b)(1).  The party asserting jurisdiction bears the burden of establishing subject-matter jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek to dismiss a complaint for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A properly pled complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

## IV. DISCUSSION

### A. Standing

Standing under Article III of the U.S. Constitution is "a jurisdictional prerequisite to a federal court's consideration of any claim." *DaVita, Inc. v. Amy's Kitchen, Inc.*, 379 F. Supp. 3d 960, 967 (N.D. Cal. 2019), *aff'd*, 981 F.3d 664 (9th Cir. 2020). To demonstrate standing, a plaintiff must have suffered an injury in fact that is fairly traceable to the challenged conduct and likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Injury in fact is the foremost element of standing. *Clifton Cap. Grp., LLC v. Sharp (In re East Coast Foods, Inc.)*, 80 F.4th 901, 907 (9th Cir. 2023). The injury must be "concrete, particularized, and actual or imminent," but it "need not be actualized." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733–34 (2008). Instead, it "must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016).

Defendants argue that Plaintiff has no standing to seek relief in the instant case. Specifically, Defendants argue that Plaintiff cannot show the required elements of injury-in-fact and redressability. The Court disagrees.[2]

### 1. Injury-in-Fact

Defendants contend that Plaintiff lacks standing to challenge USCIS's denial of his request for an extension of stay because Plaintiff is not the petitioner but merely the beneficiary. Motion at 10–12. Not so. In *Abboud v. INS*, the Ninth Circuit permitted a beneficiary of a family-based immigration petition to sue. 140 F.3d 843 (9th Cir. 1998). The Ninth Circuit noted that when a petition is filed, the "immigrant beneficiary is more than just a mere onlooker; it is her own status that is at stake when the agency takes action." *Id.* at 847.

Here, as in *Abboud*, Plaintiff faces the actual consequence of losing his legal status when USCIS denied the petition. That ultimate consequence—the three-year bar—is borne by Plaintiff, not Google. Plaintiff plausibly contends for purposes of this Motion that he cannot pursue potential employment offers because, even if the new employer's H-1B is approved, it will not be enough to qualify him for a new H-1B visa as he is subject to the three-year bar. Opposition at 9. In short, Plaintiff is no mere onlooker as the beneficiary to the H-1B petition. And "it is well-settled that 'a plaintiff suffers a constitutionally cognizable injury by the loss of an opportunity to pursue a benefit . . . even though the plaintiff may not be able to show that it was certain to receive that benefit had it been accorded the lost opportunity.'" *De Sousa v. Dir. of U.S. Citizenship & Immigr. Servs.*, No. 23-CV-04657-RFL, --- F. Supp. 3d ---, 2024 WL 1115550, at *5–6 (N.D. Cal. Mar. 14, 2024) (citations omitted) (finding that plaintiffs suffered a concrete injury by losing the opportunity to be considered for advance parole, which "deprives [them] of a valuable benefit"). Moreover, and unlike the plaintiff in *Cost Saver*, Plaintiff here has shown injury-in-fact since he challenges his

---

[2] On the traceability requirement, the Court finds that this element is met. Plaintiff's injury can be traced to Defendants' decision on his length of stay in 2023, and its later denial of his extension of stay request. Defendants do not contest that they made these decisions. Motion at 6 n.3. The NOID states that Plaintiff's request is denied because his petition was filed "204 days after the beneficiary's status had expired" in reliance on CBP's I-94, which granted Plaintiff a period of stay only through June 5, 2023. FAC ¶ 87.

1  ***length of stay*** and not merely the denial of his extension request. *See Cost Saver Mgmt., LLC v.*
2  *Napolitano*, No. CV 10-2105-JST (CWX), 2011 WL 13119439, at *3 (C.D. Cal. June 7, 2011); FAC
3  ¶¶ 51–57.
4        Defendants' focus on USCIS's denial of the H-1B extension request is also misplaced.
5  Plaintiff's injury as alleged here stems from *the basis* of that decision—the I-94—and not the
6  extension request itself. USCIS's denial of Plaintiff's application was presumably made in reliance
7  on the period of stay authorized by a CBP agent and stated on Plaintiff's I-94. In the present case,
8  Plaintiff challenges USCIS's reliance on CBP's purported authority to authorize periods of stay at
9  the port of entry.
10       Plaintiff has *actually* been harmed by USCIS as the period of stay was cut short due to
11 USCIS's reliance on CBP's I-94—because now Plaintiff is subject to a three-year bar that prevents
12 him from seeking admission to the United States. *See Spokeo*, 578 U.S. at 339–40; *Al Otro Lado,*
13 *Inc. v. Nielsen*, 327 F. Supp. 3d 1284, 1311 n.13 (S.D. Cal. 2018) (finding that the plaintiffs had
14 standing "based on the injuries caused by CBP officials at [points of entry] . . . in violation of the
15 INA and its implementing regulations."). This injury affects plaintiff in a "personal and individual
16 way," since he is unable to resume his life in the United States where he has lived since he was a
17 college student in 2015; he is unable to return to his home in Seattle, Washington; and he is unable
18 to pursue employment with another technology company in a software engineering role now that
19 Google has withdrew its application. *Spokeo*, 578 U.S. at 339–40. The "injury-in-fact" element is
20 met here.
21       **2.**     **Redressability**
22       To meet the redressability requirement, "it must be likely . . . that the injury will be redressed
23 by a favorable decision." *Lujan*, 504 U.S. at 561 (citation omitted). As discussed *supra*, Plaintiff
24 alleges he was injured by CBP's decision to admit him into the U.S. for a period of stay shorter than
25 the validity of his H-1B visa approval. Plaintiff posits that the Court can issue an order that
26 Plaintiff's I-94 was effective for the period that his H-1B petition was approved for. Opposition at
27 13; FAC at 21 ("Declare that the agency action denying Plaintiff a full period of stay in H-1B status
28

6

1  until July 5, 2025 when he presented himself for admission on February 12, 2023 is arbitrary,
2  capricious, and otherwise contrary to the law in violation of the APA"). The Court agrees that this is
3  within the Court's judicial review. Plaintiff's alleged injury can be redressed by an order finding
4  that Plaintiff's I-94 was valid until 2025. *See, e.g., V. Real Est. Grp., Inc. v. U.S. Citizenship &*
5  *Immigr. Servs.*, 85 F. Supp. 3d 1200, 1208 (D. Nev. 2015) (finding that the redressability
6  requirement can be met by a court ordering that USCIS reinstate approval of an immigrant investor's
7  immigrant visa petitions); *Al Otro Lado*, 327 F. Supp. at 1311 n.13 (concluding that the court had the
8  authority to redress the plaintiffs' injuries caused by CBP). Since Plaintiff's injury is redressable by
9  a favorable decision, Plaintiff has standing to pursue his claims.

      **B.**    **Jurisdiction**

Defendants argue that 8 U.S.C. § 1252(a)(2)(B)(ii) deprives this Court of jurisdiction to review Plaintiff's claims. Motion at 14–16. This statute provides that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under [Subchapter II of Chapter 12 of the Immigration and Nationality Act] to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii). Within Subchapter II, Defendants point to 8 U.S.C. § 1184(a)(1), which states, "The admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe . . . ." According to Defendants, the combination of these provisions means the Court does not have authority to review immigration admissions decisions.

The Ninth Circuit has indicated otherwise. The appellate court has stated specifically that 8 U.S.C. § 1252(a)(2)(B)(ii) "refers not to 'discretionary decisions,' . . . but to acts the *authority* for which is *specified* under the INA to be discretionary." *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 689 (9th Cir. 2003) (emphasis in original) (holding that 8 U.S.C. § 1252(a)(2)(B)(ii) does not preclude judicial review of whether to issue a visa under the immigrant investor program). "[T]he language of § 1252(a)(2)(B)(ii) requires that the discretionary authority be 'specified' under the INA." *Id.* Furthermore, "under the APA, even a decision that is wholly discretionary by statute

may be reviewed if regulations or agency practice provide standards by which an agency's conduct may be judged." *Id.* at 691.

8 U.S.C. § 1184(a)(1) specifically gives the Secretary of Homeland Security the discretion to determine conditions for admission. The statute does not, however, specify ***CBP's authority*** to determine a nonimmigrant's length of stay upon lawful entry. Since such authority is not specified by any statute to be discretionary, the Court concludes that CBP's decision is not precluded from judicial review.

### C.    Failure to State a Claim

Defendants further contend that Plaintiff fails to state a claim when he asserts that CBP admitted him into the U.S. for an incorrect length of stay. Motion at 16–20. The Court disagrees.

The Administrative Procedure Act allows a court to overturn an agency decision that was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This standard is met where "the agency relied on factors Congress did not intend it to consider, entirely failed to consider an important aspect of the problem, offered an explanation that ran counter to the evidence before the agency, or offered one that is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *W. Radio Servs. Co. v. Espy*, 79 F.3d 896, 900 (9th Cir. 1996).

Plaintiff sufficiently states a plausible claim that Defendants violated the APA when it determined Plaintiff's length of stay for less than the entire validity period of his H-1B visa. Under 8 U.S.C. § 1182(a)(7)(B)(i)(I), "[a]ny nonimmigrant who [] is not in possession of a passport valid for a minimum of six months from the date of the expiration of the initial period of the alien's admission . . . is inadmissible." At the same time, Department of Homeland Security regulations for admissions provide:

> Except as set forth in 8 CFR 214.1(l) with respect to H-1B beneficiaries and their dependents and paragraph (h)(5)(viii)(B) of this section with respect to H–2A beneficiaries, *a beneficiary shall be admitted to the United States for the validity period of the petition*, plus a period of up to 10 days before the validity period begins and 10 days after the validity period ends. The beneficiary may not work except during the validity period of the petition.

8 C.F.R. § 214.2(h)(13)(i)(A) (emphasis added). As to periods of stay, the regulations additionally state, "An alien admissible in . . . H-1B . . . classification . . . may be admitted to the United States or otherwise provided such status for the validity period of the petition . . . ." 8 C.F.R. § 214.1(1)(1).

Plaintiff avers that under 8 C.F.R. § 214.2(h)(13)(i)(A), his period of stay should have been granted "for the validity period of [his H-1B] petition," i.e., until July 10, 2025. Plaintiff sufficiently alleges Defendants' decision granting the period until only June 5, 2023 was arbitrary, capricious, and in violation of the law. *See* FAC ¶ 68. And since Plaintiff's claim challenging USCIS's decision denying his H-1B extension request is based, in part, on the agency's reliance on the purportedly incorrect I-94, that claim is adequately alleged. *Id.* ¶ 92. Considering the applicable statute together with the related regulations, Plaintiff's APA claims are plausibly pled.

## IV.  CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss.

Dated: October 25, 2024

Hernán D. Vera
United States District Judge

9